UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.P., a minor, by and through his guardian ad litem, Yamin B., <br><br>                                    Plaintiff, <br><br> v. <br><br> BELLA MENTE MONTESSORI ACADEMY, <br><br>                                    Defendant. | Case No.:  3:23-cv-01166-LL-AHG <br><br> **ORDER:** <br><br> **(1) GRANTING PLAINTIFF'S EX PARTE MOTION TO SEAL; and** <br><br> **(2) REQUIRING PLAINTIFF TO FILE REDACTED VERSIONS OF SEALED DOCUMENTS** <br><br> **[ECF No. 3]** |

Before the Court is Plaintiff's *Ex Parte* Application for Leave to File Under Seal: (1) Plaintiff's Application for Appointment of Guardian Ad Litem; Memorandum of Points and Authorities in Support; (2) Declaration of Yamin B. in Support of Plaintiff's Application for Appointment of Guardian ad Litem; (3) Declaration of Gabriela Torres in Support of Plaintiff's Application for Appointment of Guardian ad Litem ("Motion to Seal"). ECF No. 3. For the reasons that follow, the Motion to Seal is **GRANTED**. However, Plaintiff will be ordered to file redacted versions of the filings for the public docket.

## I. BACKGROUND

On June 23, 2023, Plaintiff L.P., by and through his mother and legal guardian Yamin B., initiated this action by filing a Petition for Approval of Minor's Compromise in this Court. ECF No. 1. Although there is currently no pending lawsuit between the parties in this Court, as noted by Plaintiff in the initial filing, courts may construe a joint filing seeking approval of a minor's compromise of claims that otherwise arise under federal law as *both* a complaint invoking the jurisdiction of the Court and a petition for approval of minor's compromise. *See id.* at n.1; *P.R. v. Fresno Unified Sch. Dist.*, 2019 U.S. Dist. LEXIS 46346, *2 ("[T]he parties have not presented any authority indicating that this court has jurisdiction to approve a settlement of a minor's claim when that claim and dispute is not actually pending before the court. That said, the parties' assertion that subject matter jurisdiction would exist is accurate. The court has subject matter jurisdiction over claims that arise under federal law. 28 U.S.C. § 1331. . . . In light of the foregoing, the court will construe the parties' joint filing as both a complaint brought under 42 U.S.C. § 1983 and 29 U.S.C. § 7941 and a petition for approval of minor's compromise.").

Generally speaking, the Court has a special duty to safeguard the interests of minors participating in litigation before it. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983); *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also* Fed. R. Civ. P. 17(c) (district courts "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an

action."); CivLR 17.1(a) (requiring that "[a]ll settlements and compromises" of an action by or on behalf of a minor "be reviewed by a magistrate judge before any order of approval [of the settlement] will issue."). Accordingly, Plaintiff has filed this action to seek Court approval of the settlement of his claims against Defendant arising under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101. ECF No. 1 at 2.

The instant Motion to Seal concerns Plaintiff's *Ex Parte* Application for Appointment of Guardian ad Litem and related attachments ("Motion to Appoint GAL"). ECF No. 4. Plaintiff requests that the Court maintain the Motion to Appoint GAL under seal in order to protect the identity of L.P., a minor, from public disclosure. ECF No. 3.

## II.    LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Other than grand jury transcripts and warrant materials in the midst of a pre-indictment investigation, which are documents that have been "traditionally kept secret," there is a "strong presumption in favor of access" to all other court records. *Kamakana*, 447 F.3d at 1178; *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a court record bears the burden of overcoming the "strong presumption in favor of access" by articulating "compelling reasons for doing so." *Kamakana*, 447 F.3d at 1178.

## III.    DISCUSSION

Here, Plaintiff argues there is good cause to allow the filing of the Motion to Appoint GAL and all related attachments under seal because, if they are not placed under seal, they will publicly identify L.P., a minor, in contravention of Fed. R. Civ. P. 5.2(a)(3).

Rule 5.2(a)(3) requires any party filing a document with the Court containing the name of an individual known to be a minor to "include only [] the minor's initials" in the

filing. Rule 5.2(d) further provides that the Court may order that a filing be made under seal without redaction. Therefore, the Court agrees there are compelling reasons to **GRANT** Plaintiff's Motion to maintain the documents related to the Motion to Appoint GAL lodged at ECF No. 4 under seal. The Clerk's Office is directed to keep all documents contained in the entry at ECF No. 4 **UNDER SEAL**.

However, Rule 5.2(d) further provides that the Court may order the person who made the filing that is kept under seal to file a redacted version for the public record. Fed. R. Civ. P. 5.2(d). Upon due consideration, the Court finds that such an order is appropriate in this case to ensure that Plaintiff's identity is kept confidential while still honoring the strong presumption in favor of public access to court records.

### IV. CONCLUSION

Plaintiff's *Ex Parte* Motion to Seal (ECF No. 3) is **GRANTED**. The Clerk's Office is instructed to maintain all documents lodged at ECF No. 4 **UNDER SEAL** indefinitely.

Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, Plaintiff's counsel is **ORDERED** to file redacted versions of those sealed documents currently maintained at ECF No. 4 on the public docket no later than **July 3, 2023**. In the redacted filings, counsel must redact all references to: (1) L.P.'s full name, (2) L.P's mother Yamin B.'s full name, and (3) L.P.'s father's full name.

**IT IS SO ORDERED.**

Dated: June 28, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge